DONOVAN LIVINGSTON, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 71, 2008.
Supreme Court of Delaware.
Submitted: June 25, 2008.
Decided: September 16, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 16th day of September 2008, upon consideration of the appellant's brief pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw and the State's response, it appears to the Court that:
(1) In August 1994, the appellant, Donovan Livingston, was charged with Carrying a Concealed Deadly Weapon (CCDW) and Possession of a Deadly Weapon by a Person Prohibited (PDWBPP). Livingston was tried before a jury in April 1995 and was found guilty of PDWBPP but not guilty of CCDW. Thereafter, Livingston moved for judgment of acquittal on the basis that the evidence did not support the verdict that Livingston had possessed a weapon.[1] The Superior Court denied Livingston's motion for judgment of acquittal.
(2) Livingston failed to appear for sentencing in June 1995, and a capias was issued for his arrest. Livingston was apprehended nearly thirteen years later, in January 2008. In February 2008, Livingston was sentenced on the PDWBPP conviction to two years at Level V incarceration, suspended after one year mandatory, for six months at Level III probation. This is Livingston's direct appeal.
(3) On appeal, Livingston's appellate counsel has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c).[2] Livingston's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Livingston's attorney informed him of the provisions of Rule 26(c) and provided Livingston with a copy of the motion to withdraw and the accompanying brief. Moreover, Livingston was informed of his right to supplement his attorney's presentation. Livingston has raised several issues for this Court's consideration. The State has responded to Livingston's points as well as to the position taken by Livingston's counsel and has moved to affirm the Superior Court's judgment.
(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold.[3] First, this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[4] Second, this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5]
(5) Livingston has raised three issues for this Court's consideration: (a) insufficient evidence, (b) witness credibility, and (c) ineffective assistance of trial counsel. It is well-settled that the Court does not consider a claim of ineffective assistance of counsel that is raised for the first time on direct appeal as it is here.[6] Thus, the Court has not considered Livingston's allegations of ineffective assistance of counsel.
(6) Livingston alleges, as he did in his motion for judgment of acquittal, that there was insufficient evidence to support his PDWBPP conviction. When reviewing the Superior Court's denial of a motion for judgment of acquittal, the Court considers the evidence in the light most favorable to the State and determines whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[7] Adjudged by that standard, the record reflects that the State presented sufficient evidence to support the jury's finding that Livingston was guilty beyond a reasonable doubt of PDWBPP. Although Livingston challenges the credibility of the State's witness, the jury was the sole judge of the witness' credibility and was solely responsible for resolving any conflicts in the testimony.[8] There is no indication in the record that the jury did not properly carry out that responsibility.
(7) The Court has reviewed the record carefully and has concluded that Livingston's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Livingston's counsel made a conscientious effort to examine the record and properly determined that Livingston could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] The State's witness, Officer James Diana, testified that he observed Livingston bend down and appear to put something on the ground. Officer Diana discovered a handgun on the ground in that area. Trial Tr. at 18-20 (April 26, 1995).
[2] Livingston was represented by different counsel at trial.
[3] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[4] Id.
[5] Id.
[6] Desmond v. State, 654 A.2 821, 829 (Del. 1994).
[7] Hardin v. State, 844 A.2d 982, 989 (Del. 2004).
[8] Tyre v. State, 412 A.2d 326, 330 (Del. 1980).